ADAMS et al. v. ELWOOD.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. RECEIVERS—ACCOUNTS—CREDITING PAYMENTS.

Where there is no dispute as to the correctness of a receiver's accounts as to the amounts received and as to the propriety of his disbursements, he may not be charged with the balance due on plaintiff's judgment remaining unpaid because plaintiff's attorneys applied part of the money

paid to them to the payment of their fees, nor is the receiver chargeable with the expense of a reference to state his account.

2. SAME—COMMISSIONS.

A receiver in a suit for a partnership accounting is not entitled to commissions on both the property received and upon the money afterwards paid to him in lieu thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol: 42, Receivers, §§ 392–396.]

Appeal from Special Term, Queens County.

Action by Mary Ann Adams and another, executors of Walter Adams' estate, against George A. Elwood. From an order, Arthur H. Cameron, receiver, appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Robert Stewart, for appellant.

R. J. Shadbolt, for respondents.

MILLER, J. This is an appeal from an order of the Special Term confirming the report of a referee appointed to state the account of the appellant as receiver. The action was brought for an accounting against the defendant, Elwood, as the survivor of a copartnership between himself and the plaintiff's testator, and resulted in a judgment in favor of the plaintiffs for the sum of $4,286.32, entered on the 12th day of November, 1900. The appellant was appointed receiver of the copartnership property to satisfy said judgment. It appears inferentially that, after taking possession of said property, he turned it back to the defendant, Elwood, upon the order of the court, on Elwood's giving an undertaking to pay the amount of the judgment. The controversy between the plaintiffs and said defendant, Elwood, continued until January 5, 1907, when the report of a referee, to the effect that there was then due the receiver from said defendant the sum of $210.28, was confirmed. The receiver has not collected said amount. On the 23d day of April, 1907, the plaintiffs obtained an order to show cause why the appellant should not finally account and pay over the moneys in his hands. He thereupon filed his account, exceptions to it were filed, and the proceedings thereon resulted in the order appealed from. Up to the time of the commencement of the proceeding for an accounting the appellant was represented by Mr. Shadbolt, the plaintiffs' counsel. According to the account filed by the appellant, he has received the sum of $7,997.67, paid out the sum of $7,603.41, and has a balance in his hands of $394.26. On the hearing before the referee, the following stipulation was entered into, viz.:

"Mr. Shadbolt stipulates and Mr. Cameron agrees that the only dispute between the parties is the question of the method of bookkeeping employed by the receiver in making his account, that the amounts of cash actually received are correctly stated, and that the amounts of cash actually paid out are correctly stated; the only question being whether the amounts paid should be charged against the judgment or against the disbursements."

The referee found that the amount unpaid on the plaintiffs' judgment, including interest to June 26, 1907, was $1,404.12, and the order appealed from directs the receiver to pay the plaintiffs' attorney said sum of $1,404.12 to satisfy the judgment, the sum of $229.56, the ex-

penses of the reference, the sum of $300, counsel fee for attending upon the reference, and the sum of $10, costs of the motion to confirm the report of the referee. The referee must have proceeded upon the theory that it was the duty of the receiver to satisfy the judgment irrespective of the amount of moneys in his hands. The receiver has paid Mr. Shadbolt and Mr. Seaman, who are, respectively, counsel and attorney for the plaintiffs, the sum of $6,616.22. This would have satisfied the judgment and compensated the attorneys for their services, but for the seemingly unnecessary litigation extending over a period of six years. The plaintiffs do not question the propriety of the payments to their attorneys, and the latter do not dispute the reasonableness of their charges; but, for some undisclosed reason, they seem to think that the appellant should pay them out of his own pocket, as well as make good the sum still uncollected of the defendant, Elwood, although, if there has been any fault in failing to collect said sum, the fault would seem to be theirs, for they have had entire charge of the proceedings and have certainly been paid enough to insure diligence. There being no dispute about the receipts and disbursements of the receiver, he cannot be charged with more than he has received simply because money paid to the plaintiffs' attorney and counsel has been applied by them in satisfaction of their claims for services, instead of in payment of the judgment. The correctness of his account being conceded, he should not have been charged with the expense of a reference conducted merely to determine how much of the moneys paid to counsel had been kept by them, especially as he was not charged with any wrong in making said payments. There should be an end to this proceeding. There is no need of another reference. Hence we will state the account.

The receiver credited himself with $382.86 commissions on the copartnership property. He is not entitled to charge commissions both on the property and upon the money paid to him in lieu thereof. Hence that charge must be disallowed, thus leaving a balance in his hands of $777.12, with which amount he should be charged. He should be allowed his commissions and the expenses of the reference incurred by him.

The order should be modified accordingly, and, as modified, affirmed, with costs to the appellant. All concur.